**LING LING WU; Zhi Xiong Cheng, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–70148.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Filed Aug. 7, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Ling Ling Wu, New York, NY, pro se.

Zhi Xiong Cheng, New York, NY, pro se.

CAS–District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Counsel, San Francisco, CA, Anthony W. Norwood, Esq., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS and THOMAS, Circuit Judges.

## MEMORANDUM **

Petitioner Ling Ling Wu seeks review of the decision of the Board of Immigration Appeals (BIA) affirming the decision of the Immigration Judge (IJ) denying her petition for asylum, withholding of removal and protection under the Convention Against Torture.[1] The parties are familiar with the facts and we do not repeat them here.

### I

■ The IJ denied asylum on the basis of an adverse credibility determination and this determination is supported by substantial evidence. The IJ partially based this determination on numerous conflicts within Wu's testimony and conflicts between her testimony and statements made to immigration officers when she arrived in

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Wu's husband, Zhi Xiong Chen, originally filed a petition for asylum, withholding, and protection under the Convention Against Torture on his own behalf. Chen subsequently withdrew that petition and his application is derivative of Wu's.

the United States. These inconsistencies are borne out in the record and go to the heart of the claim. For example, Wu testified she fled police in April 2001 and stayed with her cousin for approximately six weeks before traveling to the United States; she also testified, however, that she arrived in the United States in September 2001. When questioned, she was unable to account for the lost time. Additionally, Wu claimed in her asylum application that she and Chen met and married in China; yet several months after the marriage allegedly took place, upon arriving in the United States, she told an immigration official that she was unmarried. These inconsistencies go to the heart of her claim because Wu premises her asylum application on the claim that she was detained by police for marrying beneath the authorized age and forced to undergo an abortion. We are obliged to uphold the IJ's adverse credibility determination. *See Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004).

## II

By failing to meet the standard for asylum, Wu fails to meet the standard for withholding of removal. *Valderrama v. INS,* 260 F.3d 1083, 1085 (9th Cir.2001). Similarly, Wu has presented no evidence beyond her discredited testimony that demonstrates she would, more likely than not, be tortured if removed to the proposed country and has failed to qualify for relief under the Convention Against Torture. *See* 8 C.F.R. § 208.16(c)(2); *Farah v. Ashcroft,* 348 F.3d 1153, 1157 (9th Cir. 2003).

**PETITION DENIED.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See*